KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
DIANA K. TANI, Cal. Bar No. 136656
Email: tanik@sec.gov
SPENCER E. BENDELL, Cal. Bar No. 181220
Email: bendells@sec.gov
ROBERT H. CONRRAD, Cal. Bar. No. 199498
Email: conrradr@sec.gov

JS-6

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>TIMOTHY N. JENSON and TDH ENTERPRISES, LLC ,<br><br>  Defendants. | Case No. SACV 08-0241 CJC (MLGx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANTS TIMOTHY N. JENSON AND TDH ENTERPRISES, LLC** |

Plaintiff Securities and Exchange Commission ("Commission"), having filed a Complaint, and Defendants Timothy N. Jenson ("Defendant Jenson") and TDH Enterprises, LLC ("Defendant TDH") (collectively, "Defendants"), having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

/ / /

/ / /

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 promulgated thereunder, 17 C.F.R. § 240.14a-9, by using the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange to solicit by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communications with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or knowingly falsifying any book, record or account required to be kept by an issuer, in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5).

/ / /

/ / /

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from:

    (a)    aiding and abetting the failure by an issuer to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

    (b)    directly or indirectly, falsifying or causing to be falsified, any book, record or account required to be kept by an issuer;

in violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A) and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting the failure by an issuer, in violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B), to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    (a)    transactions are executed in accordance with management's general or specific authorization;

    (b)    transactions are recorded as necessary to:

3

  (1) permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements; and

  (2) maintain accountability for assets;

(c) access to assets is permitted only in accordance with management's general or specific authorization, and

(d) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-11, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-11 & 240.13a-13, by knowingly providing substantial assistance to an issuer that files quarterly or current reports with the Commission on Forms 10-Q and 8-K that fail to contain material information necessary to make the required statements in the Forms 10-Q and 8-K, in light of the circumstances in which they are made, not misleading,.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant TDH and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15

U.S.C. § 78m(a), and Rules 12b-20 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20 & 240.13a-13, by knowingly providing substantial assistance to an issuer that files quarterly reports with the Commission on Forms 10-Q that fail to contain material information necessary to make the required statements in the Forms 10-Q, in light of the circumstances in which they are made, not misleading.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14, by falsely certifying that:

(a) any required issuer report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and

(b) the information contained in the report fairly presents in all material respects the financial condition, results of operations, and cash flows of the issuer as of, and for the periods presented in the report.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, while an officer or director of an issuer:

/ / /

1     (a)     making or causing to be made a materially false or misleading
2               statement; or
3     (b)     omitting to state, or causing another person to omit to state, any
4               material fact necessary in order to make statements made, in light of
5               the circumstances under which such statements are made, not
6               misleading;

to an accountant in connection with:

    (1)     any audit, review or examination of the financial statements of the issuer required to be made, or

    (2)     the preparation or filing of any document or report required to be filed with the Commission;

in violation of Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant Jenson is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson shall pay a civil penalty in the amount of $275,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Jenson shall make this payment pursuant to the terms of the payment schedule set forth in paragraph XII below after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payments shall be delivered or mailed to the Office of

Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Timothy N. Jenson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant Jenson shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Jenson shall pay the civil penalty set forth in paragraph XI plus post-judgment interest in four installments according to the following schedule: (1) $68,750 plus $241.10 in post-judgment interest, for a total of $68,991.10, within ten days of entry of this Final Judgment; (2) $68,750 plus $1,374.25 in post-judgment interest, for a total of $70,124.25, on or before March 31, 2008; (3) $68,750 plus $1,096.99 in post-judgment interest, for a total of $69,846.99, on or before June 30, 2008; and (4) $68,750 plus $554.52 in post-judgment interest, for a total of $69,304.52, on or before September 30, 2008. If Defendant Jenson fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately without further application to the Court.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Jenson and the Consent of Defendant TDH are incorporated herein with the same force and effect as if fully set forth herein, and that

Defendants shall comply with all of the respective undertakings and agreements set forth therein.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without future notice.

Dated: March 13, 2008          _____
                                    UNITED STATES DISTRICT JUDGE